PEOPLE v THOMPSON

CRIMINAL LAW—PLEA OF GUILTY—SENTENCING—CONSECUTIVE SEN-
   TENCES—COURT RULES—STATUTES

   A court rule which requires a trial court, when accepting a plea
   of guilty, to inform the defendant of the maximum sentence
   and the mandatory minimum sentence, if any, for the offense
   to which the plea is offered, does not require the court to advise
   a defendant that the sentence for the crime to which he is
   pleading can be made consecutive with the sentence in a prior
   conviction where such a consecutive sentence is authorized by
   statute (MCLA 768.7b; GCR 1963, 785.7[1][b]).

Appeal from Van Buren, David Anderson, Jr., J.
Submitted Division 3 February 5, 1975, at Grand
Rapids. (Docket No. 20562.) Decided March 13,
1975. Leave to appeal denied, 394 Mich 785.

Frank S. Thompson was convicted, on his plea of
guilty, of unlawfully taking an automobile without
intent to steal. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, and *William C.
Buhl,* Prosecuting Attorney, for the people.

*Jessica R. Cooper,* Assistant State Appellate De-
fender, for defendant.

Before: BRONSON, P. J., and M. F. CAVANAGH and
D. F. WALSH, JJ.

REFERENCES FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law §§ 489, 490, 547.
Court's duty to advise or admonish accused as to consequences of
   plea of guilty, or to determine that he is advised thereof. 97
   ALR2d 549.

Per Curiam Defendant was charged with the unlawful possession of an automobile. MCLA 750.413; MSA 28.645. An amended information was later filed charging defendant with this crime and with the crime of unlawfully taking an automobile without intent to steal. MCLA 750.414; MSA 28.646. Upon rearraignment, defendant pled guilty to the second charge in return for dismissal of the first. His plea was accepted, and he was sentenced to 16 months to 2 years in prison, the sentence to begin at the conclusion of a sentence defendant was serving on a prior unrelated felony conviction.

The only issue raised in this appeal is whether the trial court failed to follow the requirements of GCR 1963, 785.7(1)(b) by accepting defendant's plea without informing him that the sentence for the crime to which he was pleading could be made consecutive with the sentence in the prior conviction because defendant committed the offense while on bond awaiting trial in the prior case. MCLA 768.7b; MSA 28.1030(2).

The new rule requires the trial court to advise the defendant of "the maximum sentence and the mandatory minimum sentence, if any, for the offense to which the plea is offered". We do not interpret this language to require the trial court to inform defendant of the possible consecutive nature of his sentence. To interpret the court rule as defendant suggests would add a requirement not obvious from the language of the rule. The Supreme Court could have explicitly provided for cases such as the instant case when revising the court rule, but it failed to do so.

As this court held in *People v Larkins,* 59 Mich App 199; 229 NW2d 378 (1975), the trial court was not required to inform defendant of the possible

consecutive nature of his sentence before accepting his guilty plea.

Affirmed.